IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br> Plaintiff,<br><br>v.<br><br>1st ADULT & PEDIATRIC HEALTHCARE SERVICES, INC., CAROLYN BRYANT-TAYLOR, KAFOMDI JOSEPHINE OKOCHA,<br><br> Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:22-CV-01032<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER TO COMPLAINT

  1st Adult & Pediatric Healthcare Services, Inc. ("1st Adult & Pediatric"), Carolyn Bryant-Taylor, and Kafomdi Josephine Okocha (collectively "Defendants"), by and through under their counsel, hereby files this Answer to the Complaint ("Complaint") filed by Plaintiff Martin Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"). Defendants answer the specific allegations in the Complaint as follows[1]:

  1. Paragraph 1 of the Complaint contains a legal conclusion to which no answer is required. To the extent and answer is required, Defendants deny the allegation in Paragraph 1 of the Complaint.

  2. Defendants admit that 1st Adult & Pediatric is and has always been a Virginia corporation headquartered at 11130 Fairfax Boulevard, Suite 202, Fairfax, Virginia 22030. The remaining allegation in Paragraph 2 of the Complaint is a legal conclusion to which no answer is

---

[1] Defendants use the numbering in Plaintiff's Complaint for ease of reference. The use of the numbering in the Complaint does not in any way constitute an admission to any of the allegations in the Complaint.

1

required. To the extent an answer is required, Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Carolyn Bryant-Taylor is co-owner of 1st Adult & Pediatric. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Kafomdi Josephine Okocha is co-owner of 1st Adult & Pediatric. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

5. Defendants admit that they provided in-home health care services. The remaining allegation in Paragraph 5 of the Complaint constitutes a legal conclusion to which no answer is required. To the extent and answer is required, Defendants deny the remaining allegation in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit that they have employed home aides. The remaining allegations in Paragraph 7 of the Complaint constitute legal conclusions to which no answer is required. To the extent and answer is required, Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

    a. Defendants deny the allegations in Paragraph 9(a) of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

    a. Defendants deny the allegations in Paragraph 10(a) of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" Paragraph of the Complaint and each of its subparts (1) through (4).

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that belong to Plaintiff as a matter of law.

1. The Complaint, either in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail to the extent Plaintiff did not sustain any damages.

3. Plaintiff's claims fail to the extent they are barred by the applicable statute of limitations.

4. Plaintiff is not entitled to liquated damages because Defendant's actions were in good faith and Defendant had reasonable grounds for believing it did not violate the Fair Labor Standards Act ("FLSA").

5. Defendant, at all times, acted in good faith and had reasonable grounds for believing its pay practices complied with the FLSA.

6. Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrines of accord and satisfaction, payment, and/or release.

7. Certain interests of the alleged putative group that Plaintiff purports to represent conflict with interests of all or certain sub-groups of the members of alleged putative group.

8. Plaintiff's claim for an additional year of damage fails as Defendants did not commit any willful violations under the FLSA.

9. Defendant reserves the right to amend its Answer to assert any additional defense and affirmative defenses as may become available or apparent during this litigation.

Dated this 9th day of November 2022.

                                    **POLSINELLI PC**

By: /s/ *Tony W. Torain, II*
Tony W. Torain, II  (VSB 92743)
1401 Eye Street NW, Suite 800
Washington, DC 20005
Telephone:  (202) 783-3300
Email: twtorain@polsinelli.com

*Attorneys for 1st Adult & Pediatric Healthcare Services, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a on November 9, 2022, I electronically filed the foregoing Defendants' Answer to Plaintiff's Complaint with the Clerk of the Court using the C/ECF system which will send electronic notification of such filing to the following persons:

Angela H. France (VSB 46862)
Alejandro A. Herrera
U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, Pennsylvania 19103
215-861-5037 (Telephone)
215-861-5162 (Fax)
France.angela.h@dol.gov
Herrera.Alejandro.a@dol.gov

*Attorneys for Plaintiff*

                                                           ___/s/ *Tony W. Torain, II*_____
                                                               Tony W. Torain, II